# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH R. SHICK, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 02: 08cv0254 |
| ) | |
| EDWARD J. UBERTI, D.O., JEROME H. ) | |
| BONIER, D.O., PARKSIDE ORTHOPEDIC ) | |
| ASSOCIATES; FREDERICK UBERTO, D.O., ) | |
| F.G. UBERTI, DO, P.C.; UPMC HORIZON; ) | |
| UPMC HORIZON HOSPITAL, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Presently pending before the Court for disposition is the MOTION FOR SUBSTITUTION OF PARTY, with brief in support, filed by the United States (*Document Nos. 3 and 4*), and the MOTION TO DISMISS WITHOUT PREJUDICE, with brief in support, filed by the United States (*Document Nos. 5 and 6*), the BRIEF and RESPONSE in opposition filed by Plaintiff (*Document Nos. 11 and 12*), and the REPLY filed by the United States (*Document No. 18*).

### Factual and Procedural Background

This case was originally filed in the Court of Common Pleas of Mercer County, Pennsylvania. In the Complaint, Plaintiff alleges that the defendants provided negligent medical care and treatment related to surgery performed on his knee on September 28, 2005. On behalf of Frederick Uberto, D.O., the United States timely filed a Notice of Removal to this Court. In addition, the United States filed a Certification of Scope of Employment, in which

the United States Attorney certified that at all relevant times Frederick Uberto, D.O., was an employee of the United States and was acting within the scope of his employment.

**Discussion**

The motions filed by the United States are interrelated. First, the United States seeks to be substituted as a party in place of its employee, Frederick Uberto, D.O. Second, the United States asserts that the Plaintiff's claims must be governed by the Federal Tort Claim Act ("FTCA"), rather than Pennsylvania common law. Third, the United States argues that the Complaint should be missed, without prejudice, for failure to exhaust the administrative remedies required by the FTCA.

1. <u>Substitution of Party</u>

Plaintiff contests the substitution of the United States. While he acknowledges that Frederick Uberti, D.O., was an employee of a federally funded health center during the relevant time period, he argues that "at no time was he placed on notice that Frederick Uberti, D.O., was an employee of the federal government." Response at ¶ 3. However, Plaintiff cites no authority to support his argument that the government was under any obligation to notify him of its identity and involvement through its employees in all potential legal actions. Rather, the case law appears to be contrary to his position; it is well-established that once a prospective plaintiff learns of his injury, he is on notice that there may have been a deprivation of his legal rights and that he should investigate who may be liable to him. *See Zeleznik v. United States*, 770 F.2d 20, 22 (3d Cir. 1985), *cert. denied,* 475 U.S. 1108 (1986). Such an investigation "requires reasonable efforts to learn the employment status of the defendant." *Norman v.*

*United States*, 467 F.3d 773, 776 (D.C. Cir. 2006)(citing *T.L. ex rel. Ingram v. United States*, 443 F.3d 956, 964 (8th Cir. 2006) (no due diligence where plaintiff failed to inquire into employment status of her doctor, who made no attempt to conceal his federal employee status); *see also Flickinger v. United States,* 523 F. Supp. 1372, 1375 (W.D. Pa. 1981) (Plaintiff's lack of knowledge of nurse-practitioner's employment with the federal government did not preclude dismissal for failure to comply with FTCA's administrative requirements).

The Court finds and rules that there is no need for discovery or an evidentiary hearing on the issue of whether Frederick Uberto, D.O. was acting within the scope of his employment as an employee of the United States at all relevant times. In *Schrob v. Catterson*, 967 F.2d 929, 936 (3d Cir. 1992), the United States Court of Appeals for the Third Circuit established the guidelines for determining whether an evidentiary hearing is necessary to determine whether an employee's challenged conduct occurred within the scope of employment:

> The scope certification is prima facie evidence that the employee's challenged conduct occurred within the scope of employment, but it is not conclusive. Thus, a plaintiff challenging the certification has the burden of coming forward with specific facts rebutting it. If the facts can be determined without an evidentiary hearing, the court can rule on a pretrial motion to substitute or to set aside the substitution based on the certification, pleadings, documentary evidence, and affidavits. In the event that a substitution is set aside, the defendant may probably appeal under the collateral order doctrine.
>
> On the other hand, if there is a genuine issue of fact material to the scope of employment question, the district court should permit discovery and conduct a hearing, if necessary. But the district court should ensure that both the discovery and the hearing are circumscribed as narrowly as possible, although these are matters within its discretion.

Plaintiff has not requested discovery or an evidentiary hearing and it is clear based upon the Certification of Scope of Employment, as well as the complaint, that Frederick Uberto, D.O., was acting within the scope of his employment as an employee of the United States at all relevant times.

Accordingly, the MOTION FOR SUBSTITUTION OF PARTY filed by the United States (Document No. 3) is **GRANTED**.

2. Motion to Dismiss for Failure to Exhaust Administrative Remedies

Because the United States has been substituted as a party, the FTCA applies and pursuant to 28 U.S.C. § 2675(a), there is a duty to exhaust administrative remedies. Plaintiff does not challenge this step of the analysis, but again disputes whether Frederick Uberto, D.O. was acting within the scope of his employment because "Plaintiff was never advised that Frederick Uberti was a federal employee nor was he given any reason to believe that Frederick Uberti was anyone other than a physician in a private practice." Brief in Opposition, at 3.

For the reasons set forth above, the MOTION TO DISMISS WITHOUT PREJUDICE filed by the United States (*Document No. 5*) is **GRANTED.**

3. Remand to State Court

This matter was removed based on the existence of a federal question, i.e., a claim under the FTCA against Frederick Uberti, D.O. As determined above, that federal question has been dismissed for failure to exhaust administrative remedies. The only remaining claims(s) in this action arise under state tort law between citizens of Pennsylvania. Pursuant to 28 U.S.C. §

1367(c), a district court may decline to exercise supplemental jurisdiction over a claim if it has dismissed all claims over which it has original jurisdiction. *See also Angst v. Mack Trucks, Inc.*, 969 F.2d 1530 (3d Cir. 1992) (once all federal claims have been dropped from the case, the case should either be dismissed or transferred to the Pennsylvania Court of Common Pleas pursuant to 42 Pa. Cons. Stat. Ann. § 5103(b)).

Accordingly, the remaining state law claims will be remanded to the Court of Common Pleas of Mercer County, Pennsylvania.

An appropriate Order follows.

McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH R. SHICK, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 02: 08cv0254 |
| ) | |
| EDWARD J. UBERTI, D.O., JEROME H. ) | |
| BONIER, D.O., PARKSIDE ORTHOPEDIC ) | |
| ASSOCIATES; FREDERICK UBERTO, D.O., ) | |
| F.G. UBERTI, DO, P.C.; UPMC HORIZON; ) | |
| UPMC HORIZON HOSPITAL, ) | |
| ) | |
| Defendants. ) | |

**ORDER OF COURT**

AND NOW, this 3rd day of April, 2008, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED AND DECREED** as follows:

(1) The Motion for Substitution of Party is **GRANTED**;

(2) The Motion to Dismiss Without Prejudice is **GRANTED**; and

(3) The clerk shall remand this action to the Court of Common Pleas of Mercer County, Pennsylvania forthwith.

The Clerk shall docket this case closed.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc: Regis M. McClelland, Esquire
Email: lferko@mcclellandlawgroup.com

Donna J. McClelland, Esquire
Email: Mcclellandlaw@verizon.net

Jennifer R. Andrade,
Assistant U.S. Attorney
Email: jennifer.andrade@usdoj.gov